U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 1 6 2019
CLERK U.S. DISTRICT COURT
By: _____
             Deputy

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. 4:19-MJ-650
2001 Chevrolet Silverado truck; VIN: 1GCEK19T31E185488; Texas license plate: KWS8898, )
as further described in Attachment A. )   [FILED UNDER SEAL]
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
2001 Chevrolet Silverado truck; VIN: 1GCEK19T31E185488; Texas license plate: KWS8898, as further described in Attachment A.

located in the   Northern   District of   Texas  , there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 § 841(a)(1) | Possession With Intent to Distribute a Controlled Substance |
| 18 § 924(c) | Possession of Firearm during a Drug Trafficking Crime |

The application is based on these facts:
See Attached Affivadit of ATF Special Agent Jessica Radd.

☑ Continued on the attached sheet.
☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Special Agent Jessica Radd, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 8/16/19

City and state: _____

*Judge's signature*

Jeffrey L. Cureton, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT

I, Jessica Radd, having been duly sworn, do hereby state and depose as follows:

1. Affiant is employed by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) as a Special Agent and has been so since October 2014. I am currently assigned to ATF's Dallas Field Division, Group II. Prior to employment with ATF, Affiant was a Special Agent with the United States Secret Service for six (6) years.

2. Affiant has conducted investigations involving narcotics trafficking, firearms activities and firearm offenses, which resulted in seizures of narcotics, narcotics paraphernalia, firearm parts, gun paraphernalia, and ammunition. Affiant is familiar with, and has participated in, many methods of investigation, including, but not limited to, electronic surveillance, visual surveillance, general questioning of witnesses, use of search warrants, use of confidential informants, use of pen registers, use of trap and trace devices, and use of undercover agents. Based on Affiant's training, experience and participation in this investigation and other investigations involving the trafficking of controlled substances, Affiant knows that:

   a. Drug traffickers often place assets, including accounts at financial institutions, in names other than their own to avoid the detection of these assets by government or other law enforcement agencies;

   b. Even though these assets are in other persons' names, the drug dealers continue to use these assets and exercise dominion and control over them;

   c. Narcotics traffickers often must maintain large amounts of United States currency on hand in order to maintain and finance their on-going narcotics business, and in some cases their extravagant life styles.

Narcotics traffickers often carry, use, and traffic in firearms in order to protect their narcotics and money;

d. Illicit drug traffickers often maintain books, records, receipts, notes, ledgers, computers and computer disks, airline tickets, money orders, cashier check receipts, photographs, bank records, credit card records, automobile rental records, vehicle registrations, real estate records, mail and contract mail carrier records, records of shipping packages, keys to safe deposit boxes and other papers relating to the transportation, ordering, sale and distribution of controlled substances;

e. Illicit drug traffickers commonly "front" (provide on consignment) controlled substances to their customers; and that the aforementioned items in paragraph d are maintained by suppliers of illegal drugs so they can account for their drugs, the money owed for these drugs and who has or owes for these drugs;

f. It is common for drug traffickers to secrete contraband, proceeds of drug sales, and records of drug transactions in secure locations within their residences, businesses, safe deposit boxes, safes, vaults, and obscure locations known only to them, i.e. mail drops, mini storage warehouses, etc., to conceal them from other drug traffickers and law enforcement authorities;

g. Persons involved in drug trafficking conceal in their residences, businesses, safe deposit boxes, safes, vaults, obscure locations, and vehicles, stashes of drugs, large amounts of currency, financial instruments, precious metals, jewelry, furs, art, coin collections, and other items of value representing the proceeds of the drug transactions; and evidence of financial transactions relating to obtaining, transferring, secreting, or spending large sums of money made from engaging in illegal narcotic trafficking activities;

h. When drug dealers collect proceeds from the sale of drugs, they often attempt to legitimize these profits. To accomplish this goal, drug traffickers use, including but not limited to, foreign and domestic banks and their attendant services, securities, cashier's checks, money orders, bank drafts, letters of credit, brokerage houses, trusts, partnerships, shell corporations and business fronts;

i. Drug traffickers and persons engaged in firearms offenses commonly maintain addresses and/or telephone numbers, pager records, telephone toll records, cellular telephone records and other records of telephone calls, both in writing and electronically, in books or papers which reflect the names,

addresses and telephone numbers for their associates and clients, in their residences or on their persons;

j. Drug traffickers often keep paraphernalia for cutting, packaging, weighing and distributing their drugs, including but not limited to, scales and plastic bags;

k. Courts have recognized that unexplained wealth is probative evidence of crimes motivated by greed, in particular, illegal trafficking in controlled substances;

l. It is common for persons involved in firearms and narcotics trafficking offenses and other criminal activities to take or cause to be taken photographs or videotapes of themselves, their associates, and their firearms, and that these persons maintain these photographs or videotapes at their residence;

m. Persons involved in firearms offenses keep, store and maintain miscellaneous gun parts, ammunition, gun cleaning items or kits, holsters, ammunition belts, original box-packaging, targets, expended pieces of lead and bullet loading equipment;

n. Illegal possessors of firearms and those engaged in firearms trafficking attempt to hide and conceal their true identity of the owner or possessor of the firearms. In attempting to do so, the prohibited person will sometimes use fictitious names when purchasing or sending firearms or use a relative, girlfriend or boyfriend, or associate to purchase, acquire, or send the firearm(s);

o. Most persons who own, possess, acquire or maintain firearms whether prohibited or not, keep and store firearms, ammunition, gun parts, gun-cleaning kits, holsters, ammunition belts, original box-packaging, targets, expended pieces of lead and bullet loading equipment either in their residence, storage building, or storage shed;

p. Firearms are seizable as indicia of drug dealing since possession of a firearm tends to demonstrate likelihood that the dealer took steps to prevent contraband, paraphernalia and proceeds from being stolen;

3. Affiant notes that whether or not the firearm(s) and/or controlled substance(s) sought are recovered, the above items tend to show that a firearm(s) and/or controlled

**Affidavit in Support of Application for Search Warrant - Page 3 of 8**

substance(s) existed and may have been located in a place to which the suspect had access, and that these items would tend to connect the suspect with the firearm(s) and/or controlled substance(s) sought. It is further noted that in Affiant's experience, a person does not normally dispose of firearms after the commission of a crime or after illegal possession of firearms and that they are therefore likely to be found in any location or vehicle to be searched or on the person of any suspect to be searched pursuant to this warrant.

4. On the basis of the entire contents of this Affidavit, Affiant believes there is probable cause for the issuance of search/seizure warrants for the vehicle described herein below for the purpose of seizure of physical evidence of the below referenced offenses, including contraband, and the assets used in or derived from the on-going criminal enterprise described in this affidavit, and the instrumentality's for the commission of the offense referenced herein i.e., telephone bills and toll records and telephone books, correspondence, equipment and paraphernalia, for the dilution, weighing, packaging, and otherwise engaging in the distribution of the controlled substances.

5. This Affidavit is based upon Affiant's personal investigation and upon information received from other Law Enforcement Officers and Agents. Affiant has not included each and every known fact concerning this investigation. This Affidavit is submitted for the limited purpose of securing a search warrant.

The statements contained in this Affidavit are based in part upon Affiant's experience, Affiant's knowledge of the facts and circumstances surrounding this investigation and on information provided to Affiant by other law enforcement personnel and agencies. Information resulting from surveillance, except where otherwise indicated, does not necessarily set forth Affiant's personal observations, but rather has been provided directly or indirectly through other law enforcement officers who conducted such surveillance.

6. From in or about January 2019 to March 2019, Arlington Police Department (APD) Officers working in conjunction with ATF Agents conducted a series of controlled buys of cocaine from two (2) individuals utilizing an undercover Officer. On March 13, 2019, Officers executed the arrest of the individuals, one of which became a cooperating defendant (CD) and provided Officers and Agents information regarding the CD's cocaine source of supply "Flacko," later identified as Rudy Chavira, hereinafter referred to as Chavira. As part of the CD's cooperation, the CD assisted Officers and Agents by contacting Chavira telephonically to order three (3) kilograms of cocaine and a sample quantity of "China White," which is an illegal narcotic known to contain fentanyl and potentially heroin.

7. On or about March 13, 2019, during a recorded call between the CD and Chavira, Chavira agreed to bring "three" [kilograms of cocaine] to sell to the CD, along with a sample of "China White" in a possible "zip" [ounce] quantity. Chavira replied to the CD "Yeah, that's cool, we can do that."

8. Continuing on March 13, 2019, at approximately 11:45pm, Officers and Agents identified a 2001 gray Chevrolet Silverado, bearing Texas license plate KWS8898, arrive at the pre-determined meeting location. Additionally, the CD visually observed the truck and driver and confirmed the driver was "Flacko" [Chavira].

Subsequently, APD Officers, assisting ATF Agents and APD Narcotics Unit Detectives, conducted a traffic stop on the aforementioned truck following a traffic violation.

9. An APD Officer made contact with driver Chavira who provided the Officer with a Texas identification card, and advised he did not have a Texas driver's license. The Officer asked Chavira to step out of the vehicle for further investigation and frisked Chavira for weapons. The Officer recovered a loaded Sig Sauer, model P226C, .40 caliber pistol, bearing serial number 55B036297, from Chavira's right hip in a holster.

10. Shortly following the traffic stop, an APD K9 Officer arrived and the K9 conducted an open-air sniff of the truck. The K9 alerted to the presence of narcotics in the truck. The APD Officer subsequently conducted a probable cause search of the truck and recovered a total of seven (7) vacuumed sealed packages containing a white powdery substance which tested positive for cocaine. Three (3) packages were in a hidden compartment in the rear driver's side door and four (4) packages were in a hidden compartment in the rear passenger's side door. The seven (7) packages weighed approximately 17.3 pounds, or approximately 7.847 kilograms.

11. On or about March 14, 2019, during a search incident to arrest of Chavira following the recovery of the seven (7) packages of cocaine, an APD Officer recovered approximately $10,586.00 in U.S. currency from Chavira's pocket.

12. Continuing on March 14, 2019, APD Officers seized the truck and the truck has been stored by APD as an asset forfeiture seizure and as evidence in Chavira's arrest. Since the probable cause search on or about March 14, 2019, the truck has been stored in the APD seizure lot.

Affiant believes additional evidence may be hidden or stored in the truck which may have been overlooked during the probable cause search, to include but not limited to, "China White."

13. Based upon the foregoing facts and circumstances, Affiant believes that probable cause exists that the items to be seized, as listed in Attachment B, are (1) property constituting evidence of the commission of a criminal offense; (2) contraband, the fruits of crime, or other things criminally possessed; and, (3) property designed or intended for use or which is or has been used as the means of committing a criminal offenses, specifically violations of Title 21, United States Code, Sections 841(a)(1) and 846(a) and Title 18, United States Code, Section 924(c), all of which will be located in the 2001 Chevrolet Silverado truck, as described in Attachment A.

*[Continued on next page]*

14. Due to the sensitive nature of this investigation, it is further requested that this Affidavit be sealed until further order of the Court.

_____
Special Agent Jessica Radd
Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF)

Sworn to and subscribed before me on this __16th__ day of August 2019 at __9:30__ a.m. in Fort Worth, Texas.

_____
JEFFREY L. CURETON
United States Magistrate Judge

## ATTACHMENT A

DESCRIPTION OF VEHICLE TO BE SEARCHED

2001 Chevrolet Silverado truck; VIN: 1GCEK19T31E185488; Texas license plate: KWS8898





**Attachment A**

# **ATTACHMENT B**

DESCRIPTION OF EVIDENCE TO BE SEARCHED FOR AND SEIZED

**Contraband:**

Search warrant to search a particular place for any Controlled Substance, namely; "China White" and cocaine, and any records, or items used to facilitate or derived from either the possession or distribution of Controlled Substances.

**Firearms and Ammunition:**

Any firearms, ammunition, gun parts, gun-cleaning kits, holsters, ammunition belts, original box-packaging, targets, expended pieces of lead and bullet loading equipment, to include photographs of firearms or of persons in possession of firearms.

**Records/Documents/U.S. Currency:**

Any books, records, documents or photographs, whether contained on paper in handwritten, typed, photocopied or printed form or stored on computer printouts, magnetic tape, cassette, disk, diskette, photo-optical devices, photographic film or any other medium to establish the illegal sale of narcotics, the possession of firearms, and to establish the person(s) who have control, possession, custody, or dominion over the vehicle searched and from which evidence is seized, such as: personal mail, checkbooks, personal identification, notes, other correspondence, utility bills, rent receipts, payments receipts, financial documents, keys, photographs, leases, and/or mortgage bills. Any U.S. Currency which may have been stored or hidden in the vehicle, and/or potentially had been or would be used in furtherance of the possession or distribution of Controlled Substance.